822 F.2d 55
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Richard Harvey JOHN, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant-Appellee.
 No. 86-1681.
 United States Court of Appeals, Fourth Circuit.
 Argued March 6, 1987.
Decided June 11, 1987.
 
 Before RUSSELL and WIDENER, Circuit Judges, and KISER, United States District Judge for the Western District of Virginia, sitting by designation.
 Deborah K. Garton (Hensley, Muth, Garton & Hayes, on brief), for appellant.
 James Anthony Winn, Office of the General Counsel, Department of Health and Human Services (Beverly Dennis, III, Chief Counsel, Region III; Charlotte Hardnett, Supervisory Assistant, Regional Counsel; Marc R. Schwartz, Assistant Regional Counsel; William A. Kolibash, United States Attorney; Betsy C. Steinfeld, Assistant United States Attorney, on brief), for appellee.
 PER CURIAM:
 
 
 1
 In a claim for social security disability insurance benefits based on an alleged mental impairment, any determination by the Secretary that a claimant is not mentally disabled reached after October 9, 1984, but prior to the effective date of new regulations (August 28, 1985) must be reconsidered in accordance with the new regulations. Social Security Disability Benefits Act of 1984, Pub.L. No. 98-460, Sec. 5(c)(1).
 
 
 2
 In this case, Richard H. John initially applied for disability benefits under Title II of the Social Security Act claiming he suffered from a heart condition and high blood pressure. The Administrative Law Judge recommended on April 30, 1984, that the request for benefits be denied. When Plaintiff asked the Appeals Council to review the recommendation, the Plaintiff submitted psychiatric reports to support an additional claim of mental disability. The Appeals Council ordered that the reports be made part of the record.
 
 
 3
 In a letter dated October 18, 1984, the Appeals Council denied Plaintiff's request for review and stated: "In reaching this conclusion, the Appeals Council carefully considered (the psychiatric reports) ... but decided that this additional evidence did not provide a basis for changing the administrative law judge's decision."
 
 
 4
 It was within the prerogative of the Appeals Council to consider the additional evidence. 20 C.F.R. Secs. 404.970(b), 404.976(b). But in doing so, it should have complied with the moratorium on mental impairment reviews in effect at that time. Pub.L. No. 98-460, Sec. 5(c)(1). Because the determination that Plaintiff was not mentally disabled fell within this time period, the judgment must be vacated and the case remanded to the Secretary for further proceedings.
 
 
 5
 VACATED and REMANDED.